A. J. CONN, Respondent, v. LONG–BELL LUMBER COMPANY, Appellant.

### St. Louis Court of Appeals, May 12, 1896.

The evidence is considered and held to establish a transfer by the plaintiff, prior to the institution of this suit, of the cause of action pleaded in the petition, and therefore to disprove his right of action.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND DISMISSED.

*W. R. Cowley* for appellant.

No brief filed for respondent.

BIGGS, J.—This is an action for damages for the alleged violation of a contract. The facts as stated in the petition may be thus summarized. The plaintiff bought of the defendant lumber to build a house. The plaintiff having failed to pay, the defendant filed a mechanic's lien on the house and land, and on the thirteenth day of July, 1889, it brought suit on the account and to enforce the lien. On the fifteenth day of April, 1890, a judgment was obtained in the action for $358.90, and for the enforcement of the lien. On the seventh day of June, 1890, a special execution was issued on the judgment and the property advertised for

sale thereunder. On the twenty-second day of September, 1890, the following agreement was entered into between the plaintiff and defendant, to wit:

"This agreement made between the Long–Bell Lumber Company and A. J. Conn,

"*Witnesseth*: That A. J. Conn is to pay three hundred dollars ($300) on a certain judgment in favor of said company against him at Cassville, Missouri, for $358.95-100 and interest, in a few days; and $35 in thirty days and $35 in sixty days, and when said last payment is made, said company is to receipt him in full of all said judgment, interest and costs, and cancel the judgment. Said company agrees to call in the execution now issued on said judgment as soon as said $300 are paid, at least, at next term of court. It is understood and agreed that this is a fair and square compromise, and to be faithfully carried out between said parties."

Four days after the execution and date of the agreement the plaintiff paid $300 on the judgment, and subsequently paid the remainder in accordance with the terms of the contract. It is charged in the petition that the defendant, in violation of its said agreement, failed to recall the execution or to notify the sheriff of the adjustment of the debt, and on the eleventh day of October, 1890, the sheriff sold the house and land under the execution to T. D. Steele and Washington Cloud, whereby the property was lost to the plaintiff.

The defendant in its answer admitted the execution of the contract, but averred that it fully observed and performed all of its conditions by paying the costs of the suit and notifying the sheriff of the payment of the judgment. It also alleged that at the time of the sale the judgment was fully paid, and that one of the purchasers was a deputy sheriff of the county. All other allegations of the petition were denied.

The plaintiff in his replication denied that the sheriff was notified, or that one of the purchasers was a deputy sheriff. Under these issues the cause was tried, and the jury returned a verdict for $500, upon which a judgment was rendered. The defendant, having unsuccessfully moved for new trial, has brought the case here for review.

One of the grounds of the motion for new trial is that the judgment is against the law and the evidence, This, we think, is well founded, and, therefore, it will not be necessary to discuss the other assignments of error.

The action was begun at the April term, 1894, of the Barry county circuit court. It was taken by change of venue to the circuit court of Newton county. On the trial there the plaintiff introduced evidence tending to prove the matters set forth in his petition, except that he failed to prove that he had at any time been dispossessed of the land, or that he had been compelled to pay anything to extinguish the title of Steele and Cloud. He read in evidence a quitclaim deed from himself and wife to W. F. McKee, in which they conveyed the house and land in controversy for the consideration of $404.75. This deed also recited that, for the consideration named, the plaintiff transferred and sold to McKee his claim here in suit. After mentioning the consideration and describing the land, the deed contains this statement, to wit: "With this is included all right, title and interest, in claim against the Long-Bell Lumber Company *to make good the title to said above described premises*, excepting claim of damages against them to date by reason of our inability to heretofore give a warranty deed to said premises." The deed is dated December 13, 1892, and is properly acknowledged and recorded. The theory of the plaintiff, as disclosed by his petition and evidence, is that

Hance v. Express Co.

the title to the land passed to Steele and Cloud, that this was brought about by the neglect of the defendant to recall the execution, and that, as the defendant had failed to buy in or extinguish the title of Steele and Cloud, it must account to plaintiff for the reasonable value of the property. That cause of action, if it exists at all, was sold and transferred by plaintiff to McKee before this suit was brought. The clause in the deed above quoted is in some particulars vague and indefinite, but the right to compel the defendant to answer in damages for a failure to set aside or buy the title of Steele and Cloud is in very clear terms transferred to McKee. The plaintiff attempted to reserve some sort of claim to damages which had already accrued to him, but, as he could not split his claim without the debtor's consent, and as the reservation is so vague as to be almost meaningless, we must hold that the entire claim was intended to be passed by the assignment. Hence, we are of the opinion that the plaintiff by his own evidence has shown that he is not entitled to recover.

The judgment of the circuit court will be reversed, and the cause dismissed. It is so ordered. All concur.